UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO: 3:14cr140-RJC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| (1) LORIS GEMON | ) | |
| | ) | |

**THIS MATTER** is before the Court on the government's motion for an interlocutory sale of professional recording equipment seized and miscellaneous tools seized from the defendant at 5300 Old Pineville Road, Charlotte, North Carolina, (Doc. No. 80), to which the defendant has not objected.

The defendant has now filed a plea agreement, (Doc. No. 88), and these assets are subject to pending criminal forfeiture upon the defendant's conviction. In the meantime, they are incurring substantial storage costs and the risk of depreciation in value. (Doc. No. 80: Motion at 1). Federal Rule of Criminal Procedure 32.2 provides that, "[a]t any time before entry of a final forfeiture order, the court, in accordance with Supplemental Rule G(7) of the Federal Rules of Civil Procedure, may order the interlocutory sale of property alleged to be forfeitable." Fed. R. Crim. P. 32.2(b)(7). Rule G(7) provides:

> On motion by a party or a person having custody of the property, the court may order all or part of the property sold if . . . (A) the property is perishable or at risk of deterioration, decay, or injury by being detained in custody pending the action; (B) the expense of keeping the property is excessive or is disproportionate to its fair market value; (C) the property is subject to a mortgage or to taxes on which the owner is in default; or (D) the court finds other good cause.

Fed. R. Civ. P. Supp. R. G(7)(b)(i).

1

The Court finds that the storages costs for these assets and the risk of depreciation are sufficient under the rule as factors supporting an interlocutory sale.

**IT IS THEREFORE ORDERED**, pursuant to Fed. R. Crim. P. 32.2(b)(7) and Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, that the United States may sell, by commercially feasible means, any and all of the professional recording equipment and miscellaneous tools seized in connection with this case.

**IT IS FURTHER ORDERED** that the net proceeds of the sale will be deposited into an interest-bearing account maintained by the Marshals Service and substituted as the property subject to forfeiture in the event of the defendant's conviction and a final judgment of forfeiture in this case.

**IT IS FURTHER ORDERED** that the government may, in its sole discretion, reject any offer to purchase any asset subject to this Order where it determines that the offer is being made by, or on behalf of, a person involved in the criminal activity alleged as the basis for forfeiture.

Signed: July 29, 2015

Robert J. Conrad, Jr.
United States District Judge